**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CLAY D. HAMILTON, SR.                                                                                      PLAINTIFF

v.                                              NO. 4:15CV00533 JLH

REX AKERS; BROOKE AKERS;
CALVERT STREET CAPITAL PARTNERS;
JACOB CANOVA; and
LAGNIAPPE PHARMACY SERVICES                                                              DEFENDANTS

**ORDER**

Clay D. Hamilton, Sr., brings this action against Rex Akers, Brooke Akers, Calvert Street Capital Partners, Jacob Canova, and Lagniappe Pharmacy Services. He has also filed a motion to add three deceased persons as defendants: Charles A. Brown, James A. Pelley, and Ronald T. Pelley. Document #4-1. Hamilton alleges that the defendants have used his name without authorization for the purpose of obtaining copyrights for the RX-1 pharmacy system and that the defendants have used these copyrights in prior cases in a successful scheme to corrupt the judicial system so as to obtain his intellectual and real properties. Those prior cases include two cases in state court and three cases in this Court: E.D. Ark. No. 4:89CV00712-ETR, E.D. Ark. No. 4:15CV00071-JLH, and E.D. Ark. No. 4:15CV00437-SWW.

In case No. 4:89CV00712-ETR, a jury found that Hamilton did not own the copyright to the RX-1 pharmacy software computer program, and pursuant to that determination, the Court issued a permanent injunction prohibiting Hamilton from representing that he owns the copyright to the computer software program at issue. In case No. 4:15CV00071-JLH, the Court dismissed Hamilton's claims against Rex Akers, James A. Pelley, Ronald T. Pelley, Calvert Street Capital Partners, Lagniappe Health, Jacob Canova, Charles A. Brown, and others because his claims are barred by res judicata. In case No. 4:15CV00437-SWW, the Court again dismissed Hamilton's

claims against Rex Akers, Jacob Canova, and Lagniappe Pharmacy Services because they are barred by res judicata.

The present case is simply another effort by Hamilton to assert a claim to ownership of the copyright for the RX-1 pharmacy software computer program. The undersigned judge has previously explained that Hamilton's claims are barred by res judicata. *See Hamilton v. PAS, Inc., et al.*, E.D. Ark. No. 4:15CV00071-JLH, Document #34. That analysis need not be reiterated here. Suffice it to say that Hamilton's claims to ownership of the copyright at issue are barred by res judicata. Furthermore, if he had any claim that the defendants wrongfully used his name in obtaining the copyright, those claims could have been asserted in one of his previous cases and therefore also are barred by the doctrines of res judicata.

This action is summarily dismissed with prejudice.

IT IS SO ORDERED this 29th day of December, 2015.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE